**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 06 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| MICHELLE ELIZABETH JONES, | No. 09-56503 |
| Petitioner-Appellant, | D.C. No. 5:08-cv-01318-VAP-FMO |
| v. | |
| MARY LATTIMORE, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted August 7, 2013
Pasadena, California

Before: SILVERMAN and WARDLAW, Circuit Judges, and CEDARBAUM, District Judge.**

Michelle Elizabeth Jones appeals from the denial of her petition for a writ of

habeas corpus.  Jones argues that her un-<u>Mirandized</u> interview with police should

---

  \*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  \*\*    The Honorable Miriam Goldman Cedarbaum, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

have been suppressed, and that a second <u>Mirandized</u> interview that took place not long afterwards should also have been suppressed under the rule of <u>Missouri v. Seibert</u>, 542 U.S. 600, 124 S. Ct. 2601, 159 L. Ed. 2d 643 (2004). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), and we affirm.

We review the district court's denial of Jones' petition *de novo*. <u>Cudjo v. Ayers</u>, 698 F.3d 752, 761 (9th Cir. 2012). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), habeas relief from a state court conviction must be denied "unless it is shown that the earlier state court's decision was contrary to federal law then clearly established in the holdings of [the Supreme Court]; or that it involved an unreasonable application of such law; or that it was based on an unreasonable determination of the facts in light of the record before the state court." <u>Harrington v. Richter</u>, 131 S. Ct. 770, 785, 178 L. Ed. 2d 624 (2011) (internal quotation marks and citations omitted).

<u>Miranda</u> warnings are due "only when a suspect interrogated by the police is 'in custody.'" <u>Thompson v. Keohane</u>, 516 U.S. 99, 101, 116 S. Ct. 457, 460, 133 L. Ed. 2d 383 (1995). In determining whether a suspect is in custody, "[t]wo discrete inquiries are essential . . . : first, what were the circumstances surrounding the interrogation; and second, given those circumstances, would a reasonable person have felt he or she was not at liberty to terminate the interrogation and

2

leave." Id. at 112 (footnote omitted). "[T]he initial determination of custody depends on the objective circumstances of the interrogation." Stansbury v. California, 511 U.S. 318, 323, 114 S. Ct. 1526, 1529, 128 L. Ed. 2d 293 (1994).

We review the last reasoned state court decision, a decision by the California Court of Appeal. Medina v. Hornung, 386 F.3d 872, 877 (9th Cir. 2004). That court, citing, inter alia, Thompson and Stansbury, held that Jones was not in custody during her first interview. The court applied the correct Supreme Court precedent. We hold that its application of that precedent was reasonable.

During the first interview, Jones was informed by her sole interviewer, Sergeant Richard Zerkel, that she was not under arrest, was not required to speak to him, was free to take breaks, and was free to leave the interview. Jones nevertheless contends that a reasonable person would not have felt free to leave during the interview. She notes that the interview took place after her co-defendant had been arrested (albeit initially for unrelated reasons), that Zerkel approached Jones to request an interview, that she was then brought to the police station in Zerkel's car to begin the interview, and that the interview lasted approximately three hours.

In Yarborough v. Alvarado, the Supreme Court upheld a state court determination that the respondent, a juvenile, was not in custody during his two-

3

hour interview, despite the fact that he was dropped off at the police station by his parents at police request and was not told that he was free to leave. 541 U.S. 652, 656, 663-66, 124 S. Ct. 2140, 2145, 2149-50, 158 L. Ed. 2d 938 (2004). Under Yarborough, a court could reasonably hold that Jones was not in custody during her interview.

Jones argues that she confessed to a number of crucial facts during the course of her interview, and that no suspect would reasonably feel they were free to leave after doing so. We need not determine whether this argument would have merit were we writing on a clean slate. No Supreme Court case has held that a suspect who makes a significant confession during an interview must then be considered in custody. The decision of the California Court of Appeal was, at the least, a reasonable application of Supreme Court precedent, and that is all that AEDPA requires.

Additionally, considering the totality of the circumstances, see Withrow v. Williams, 507 U.S. 680, 693, 113 S. Ct. 1745, 1754, 123 L. Ed. 2d 407 (1993), Jones' statements during her first interview were voluntary.

Since Jones was not in custody during her first interview, the second interview could not have constituted a deliberate two-step interrogation in violation of the governing holding of Seibert. See United States v. Williams, 435 F.3d 1148,

4

1157-58 (9th Cir. 2006).  Finally, Jones' relinquishment of her <u>Miranda</u> rights during her second interview was both knowing and voluntary.  <u>See</u> <u>Moran v. Burbine</u>, 475 U.S. 412, 421, 106 S. Ct. 1135, 1140-41, 89 L. Ed. 2d 410 (1986).

**AFFIRMED.**